(No. 33417.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* WILLIAM THOMAS, Plaintiff in Error.

*Opinion filed November 23, 1955—Rehearing denied Jan. 16, 1956.*

WILLIAM THOMAS, *pro se.*

LATHAM CASTLE, Attorney General, of Springfield, and JOHN GUTKNECHT, State's Attorney, of Chicago, (FRED G. LEACH, GEORGE W. SCHWANER, JR., JOHN T. GALLAGHER, and RUDOLPH L. JANEGA, of counsel,) for the People.

Mr. Justice Daily delivered the opinion of the court:

William Thomas, hereinafter referred to as the defendant, was indicted for the unlawful sale of narcotics and upon being arraigned in the criminal court of Cook County entered a plea of not guilty. Thereafter, having waived trial by jury, he was found guilty by the court and sentenced to the penitentiary for a term of from one to five years. In prosecuting this writ of error, defendant now contends: (1) that the trial court erred in allowing the People to introduce certain evidence in rebuttal, and (2) that the judgment of conviction was not supported by the evidence.

At the trial, Charles Montgomery, a United States Treasury agent, testified that for the pretended purpose of purchasing narcotics, he had arranged to meet Thomas at the corner of Thirtieth Street and Wabash Avenue in Chicago during the evening of February 5, 1953. At approximately 7:10 P.M., the defendant approached driving a 1952 two-tone Buick and told Montgomery to get in, after which the two men, along with two police informers who accompanied Montgomery, drove to a Vincennes Avenue address. There Thomas left the automobile but returned in a few minutes with three envelopes which he delivered to Montgomery, and for which he was paid the sum of $90. Upon the completion of the transaction, Thomas drove to the corner of Twelfth Street and Wabash Avenue where Montgomery and the informers left the automobile.

A second Treasury agent, Rudolph Crouch, testified that at the time of the meeting at the corner of Thirtieth Street and Wabash Avenue, he was parked nearby and saw Montgomery and the informers enter the automobile. He thereafter followed them by automobile to the Vincennes Avenue address and later to the corner of Twelfth Street and Wabash Avenue, where he picked up Montgomery and the two informers and drove them to the Post Office Building.

There, according to the testimony of a Treasury Department chemist, the three packages were examined and found to contain 178 grains of heroin.

As a defense, Thomas claimed that he was home during the time in question and had never driven an automobile on that day. His testimony was supported by that of Reola Waddy, with whom he lived. She stated that Thomas was with her on the evening of February 5, 1953, and, although admitting that she owned a 1952 two-tone Buick, claimed that the automobile was placed in a public garage on February 4, 1953, and was never removed until February 6. In corroboration, the owner of the garage testified that his records disclosed that the automobile was placed in the garage on February 4 and that it was not removed until February 6. The actual garage records were not, however, offered in evidence by the defendant. Upon cross-examination the owner admitted that the entries were not made in rotation, that in some instances they were not made until sometime after the day on which the events occurred, and that the dates in the record did not in all cases represent the true date of the transaction. The State thereafter called the garage owner in rebuttal and when he affirmatively replied that his records were made in the ordinary course of business, they were offered and admitted into evidence as People's exhibits. Defendant now contends that this was improper and that the People were thereby allowed to impeach their own witness.

Where evidence has been given by a defendant to support an alibi, the People are entitled to offer any evidence which tends to contradict or disprove the same, even though such evidence could have been admitted in chief. (*People* v. *Deal,* 361 Ill. 225; *People* v. *Scott,* 261 Ill. 165; 23 C.J.S., Criminal Law, sec. 1053.) Here, the business records were of such a nature that they showed certain defective and inconsistent entries upon their face. Thus, it was entirely proper for the People to introduce them for

the purpose of refuting the garage owner's testimony, which, in effect, supported the defendant's alibi. However, in order to do so, it was necessary to lay a proper foundation. (*People* v. *Vammar,* 320 Ill. 287; *People* v. *Levato,* 330 Ill. 498; 70 C.J., Witnesses, sec. 1359.) By calling the garage owner to the stand solely for this purpose, it cannot be said that he thereby became a witness for the prosecution or that the People were prohibited from impeaching his testimony given for the defense. (*Thompson* v. *Owen,* 174 Ill. 229; *In re Will of Barry,* 219 Ill. 391; *Rodenkirk* v. *State Farm Mutual Automobile Ins. Co.* 325 Ill. App. 421; 70 C.J., Witnesses, sec, 993(c); 58 Am. Jur., Witnesses, sec. 795.) The trial court committed no reversible error in this respect.

The defendant also contends that in view of the testimony of the alibi witnesses the judgment was not properly supported by the evidence. With this we cannot agree. While on the whole case, the guilt of defendant must be proved beyond a reasonable doubt, it was incumbent upon him to establish his alibi by such facts as would create a reasonable doubt of the truth of the charge. (*Hauser* v. *People,* 210 Ill. 253; *People* v. *Wisz,* 360 Ill. 126.) In view of the fact that Reola Waddy had lived with the defendant at the same address for three years prior to the date of the alleged crime and could hardly be considered a distinterested witness, and since at least a portion of the garage owner's testimony was materially impeached, we cannot say, as·a matter of law, that any reasonable doubt of guilt was thereby created.

In his reply brief, defendant asks that the People's brief be stricken because it was not filed within an extended period of time fixed by order of this court. We find, however, that for good cause shown, a further order was entered allowing the People's unopposed motion for leave to file briefs instanter. Such action is within the discretion

reserved to this court under Rule 41, (Ill. Rev. Stat. 1953, chap. 110, par. 259.41,) and will not be disturbed in the absence of any showing that defendant was prejudiced thereby. Furthermore, we are constrained to remark that even the complete failure of the People to file a brief in this cause could not, and would not, have resulted in a reversal of the judgment of conviction.

For the reasons stated, the judgment of the criminal court of Cook County is, therefore, affirmed.

*Judgment affirmed.*