**People of the State of Illinois, Plaintiff-Appellee, v. Charles W. Jackson and Clyde G. Jackson, Defendants-Appellants.**

Gen. Nos. 50,981, 50,982.

First District, Fourth Division.

July 3, 1968.

Gerald W. Getty, Public Defender of Cook County, of Chicago (Shelvin Singer and James J. Doherty, Assistant Public Defenders, of counsel), for appellants.

John J. Stamos, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and Richard A. Rinella, Assistant State's Attorneys, of counsel), for appellee.

MR. PRESIDING JUSTICE McCORMICK delivered the opinion of the court.

CHARGE: Attempted murder.

DEFENSE AT TRIAL: Denial that either of the defendants had or discharged a gun on the date in question.

JUDGMENT: After a jury trial each defendant was found guilty; Charles Jackson was sentenced to 7 to 15 years in the penitentiary, and Clyde Jackson sentenced to 5 to 15 years in the penitentiary.

POINTS RAISED ON APPEAL: Judicial error occurred when the State

1) attempted to show that Charles Jackson had been in trouble for fighting while in military service;
2) improperly attempted to impeach defendants; and
3) improperly introduced incompetent hearsay.

█ OPINION: The first question raised by the defendants is that the State improperly tried to show that Charles Jackson had been in trouble while in the military service. Charles Jackson testified that he had been a member of the U. S. Air Force, at which time he was an amateur boxer. On cross-examination the State's Attorney asked him if he had gotten into any difficulty in the Air Force about his fighting. When the defendant answered no, counsel for defense objected, and the objection was sustained. A conference was then held in chambers. The defendants argue in this court that the holding of a conference in chambers was highly prejudicial to them. It is common practice in trials for a court to hold a conference in chambers to determine whether or not an objection should be sustained. Afterwards, when the trial is resumed, the court rules in the presence of the jury that the objection is sustained. We find no prejudice in this procedure.

█ Defendants also argue that an improper attempt was made to impeach their testimony. Police Officer Mannion had testified on direct examination that he had attempted to talk to Charles Jackson but that he was incoherent. Defendant Charles Jackson testified that

98

when he was in the hospital he had a conversation with Officer Mannion. When asked what he had said to the officer, he said he told him, "This man had taken my watch." Oddly enough, this conversation does not appear in the abstract. Defendant Clyde Jackson testified that he had a conversation with a police officer in the hospital and told him he had been robbed. Officer Mannion was recalled and in rebuttal stated that he had not talked with either of the defendants and that neither of them had said anything to him about a watch being stolen. This testimony was allowed in evidence over the objection of defense counsel. The defendants argue that this was improper impeachment; that it was so prejudicial that it denied them a fair trial; and that the prejudice was made greater because the court overruled the objection of the defense counsel to this testimony. We cannot so hold.

In People v. Thomas, 7 Ill2d 278, 131 NE2d 35, the court held that where evidence has been given by a defendant to support an alibi, the People are entitled to offer any evidence which tends to contradict or disprove the same, even though such evidence could have been admitted in chief. The same rule could be applied in the instant case, since the only testimony of Officer Mannion on direct examination was that he had no conversation with the defendants. Subsequently the defendants testified that they did have conversation with the officer. The officer was properly recalled to rebut that specific testimony.

 Both Charles and Clyde Jackson testified that they had entered the Magnolia Lounge for the purpose of telephoning their parents. Clyde testified that he lived with his parents and his brother in Maywood; that on December 25, 1964, his telephone number was 343-6872 and that his mother's number was 343-6972. In rebuttal the State introduced the testimony of Police Officer Carlile, who said that on April 23, 1965, he checked telephone number 343-6972, and that it was not registered

to the mother of the defendants. No objection was made to that testimony, and we do not consider it to have been prejudicial. The defendants were not deprived of a fair trial.

The judgment of the Circuit Court is affirmed.

Affirmed.

DRUCKER and ENGLISH, JJ., concur.