**STATE of Missouri, Respondent,**

v.

**Charles ALLEN, Appellant.**

**Nos. 48276, 53890.**

Supreme Court of Missouri,
Division No. 3.

Dec. 9, 1968.

Motion for Rehearing or to Transfer to the Court En Banc Denied Jan. 13, 1969.

Norman H. Anderson, Atty. Gen., Gary G. Sprick, Asst. Atty. Gen., Jefferson City, for respondent.

Thomas R. McGinnis, St. Louis, for appellant.

ARTHUR W. ROGERS, Special Judge.

Appellant was convicted in the Circuit Court of the City of St. Louis, Missouri, jury verdict, under § 559.180 RSMo 1959, V.A.M.S., of assault with intent to kill with malice aforethought. This court affirmed the conviction. State v. Allen, 343 S.W.2d 63. The judgment of affirmance was set aside because appellant did not have counsel when his direct appeal was heard. Appellant's Motion to Vacate Sentence and Judgment under Supreme Court Rule 27.26, V.A.M.R., was heard by the trial court and denied. The reinstated direct appeal and the appeal from the order denying the motion to vacate are consolidated in this proceeding.

Appellant's motion for new trial sets out nineteen grounds or assignments of error, all of which have been ruled upon by this court, State v. Allen, supra, but on this appeal only three points are briefed and argued. Appellant cites State v. Swing, Mo. Sup., 391 S.W.2d 262, in support of his claim that it was prejudicial error to permit the prosecuting attorney to imply during the trial and to argue that the assault was occasioned by or related to illegal traffic in narcotics when there was no evidence whatsoever that defendant participated in or was connected with such traffic. State v. Swing holds that it was improper to imply or directly argue that defendant had suppressed evidence when there was no proof that defendant had anything to do, either directly or indirectly, with the disappearance of a witness, and that it was improper

for counsel to argue matters not in evidence. The distinction between State v. Swing and the present case is that there was evidence of defendant's connection with illegal narcotics traffic, and that defendant's counsel sought to establish that "* * * this whole thing is tied up in the dope situation, your Honor, and I know that I have a right to go into that and show other people could have shot him * * *." This point was considered and ruled on the original appeal, and we again overrule this assignment.

Next defendant assigns as error the trial court's refusal to permit defense counsel to cross-examine a witness with respect to whether she was a prostitute. This point was ruled on the first appeal. No late authority has been cited which holds contrary to our first ruling on this point. It is again ruled that a trial court may, within reason, limit cross-examination. 98 C.J.S. Witnesses § 515, p. 440. The trial court permitted lengthy cross-examination on various subjects and committed no error in limiting cross-examination in this instance. Moreover, this court specifically held in State v. Cox, Mo.Sup., 352 S.W.2d 665 [23], that the trial court did not err in refusing to permit the cross-examination of a witness as to whether or not she was a prostitute.

Appellant's third assignment of alleged error brings into question the admissibility of statements against interest made by defendant to the arresting officer, defendant at the time of the statements not having been advised of his rights to counsel and to remain silent. Counsel in oral argument agreed that this point has been ruled upon by this court, State v. Montgomery, 424 S.W.2d 744, but that in his opinion the point should be reconsidered in the interest of justice. This is the only point contained in defendant's Rule 27.26 Motion to Vacate Sentence which has been briefed and argued.

This case was tried in February 1960. The transcript of proceedings has been reviewed and there was a compliance with rules obtaining at the time of trial. Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, decided in 1966, held that absence of advice as to constitutional rights in and of itself is ground for exclusion of a confession. However, Miranda will not be given retroactive effect and therefore has no application here. Johnson v. State of New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882.

An examination of the record as required by S.Ct. Rule 28.02, V.A.M.R., discloses no error.

The judgments are affirmed.

HOLMAN, Acting P. J., and McMILLIAN, Special Judge, concur.