THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JOHN SHIELDS, Defendant-Appellant.

(No. 72-163;

Second District—February 5, 1973.

James R. Streicker, of Defender Project, of Chicago, for appellant.

William R. Ketcham, State's Attorney, of Elgin, (W. Ben Morgan, Assistant State's Attorney, of counsel,) for the People.

Mr. JUSTICE THOMAS J. MORAN delivered the opinion of the court:

A jury found the defendant, John Shields, guilty of deviate sexual assault in violation of Section 11—3 of the Criminal Code (Ill. Rev. Stat. 1969, ch. 38, sec. 11—3); he was sentenced for a period of four to eight years in the penitentiary. His appeal was transferred here by the Supreme Court.

It is undisputed that on three separate occasions in January, 1971, the complaining witness, a seventeen year old male who was being held in the Kane County Jail, was blindfolded and sexually assaulted by some of his fellow inmates. The complaining witness testified that the last assault occurred in the late evening of January 6 and early morning of January 7; that he was ordered to lay down on a bunk; that he was subjected to pederasty; that during this assault his blindfold slipped off; that he looked up and recognized defendant, one of his fellow inmates, at the person committing the act. He also testified that on all three occasions, the defendant participated in blindfolding and leading him to the cell where the attacks occurred; but that he could positively identify him by sight as an attacker, only during the last assault. The defendant denied participating in or assaulting the complaining witness and alleged that the assaults were perpetrated by other inmates.

On appeal, defendant first alleges that reversible error occurred when improper hearsay testimony was admitted into the record. Fred Morelli, Jr., a public defender, represented the complaining witness on the charges for which he was being held in jail. Called by the State, Mr. Morelli testified that, during the morning of January 7, 1971 in the Kane County Courthouse, he saw the complaining witness who had a black eye.

"Q. [State's Attorney] Did you ask him about his black eye?

A. I did.

Q. Did he tell you about his black eye?

A. Yes, he did.

Q. What did he tell you?

A. He told me that he had some trouble over in the jail * * * he told me that he had been involved in a mock trial over there and that during the course of the whole thing, he had been sexually assaulted.

* * *

Q. As a result of him telling you this, what did you ask him to do?

A. * * * I asked him to go to the State's Attorney's Office with me and sign a complaint.

Q. Against who?

A. John Shields.

Q. Did you ask him to sign a complaint against any other individual?

A. No, I didn't.

Q. And why only John Shields?

A. Based on what he told me, John Shields seemed to be the one who was primarily involved."

The State admits that Morelli's testimony was hearsay and that, if properly objected to, should have been excluded. The defendant concedes that no objection was raised at trial and that no mention was made of this alleged error in the post-trial motion. However, defendant urges that we consider this issue for the first time on review in that the admission of the testimony constituted "plain error". Supreme Court Rule 615(a) (Ill. Rev. Stat. 1969, ch. 110A, sec. 615(a), provides:

"Any error, defect, irregularity, or variance which does not affect substantial rights shall be disregarded. Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the trial court."

■■ This rule is permissive and if the substantial rights of a defendant have been affected it is within the discretion of the reviewing court to consider the alleged error, despite the defense's failure to object. *People v. McAdrian*, 52 Ill.2d 250, 255 (1972).

■■ We hold that the admission of Morelli's testimony does not constitute plain error. His testimony related to the fact that the complaining witness had informed him that he had been assaulted and that defendant was responsible. On cross-examination Morelli admitted that he did not have personal knowledge of these facts, that he was not present when the assaults occurred. Moreover, the complaining witness himself had just testified and had been cross-examined on these facts and on his identification of defendant. Were we to assume error in the admission of Morelli's testimony, it was not of sufficient magnitude to be considered plain error. See *People v. Wright*, 124 Ill.App.2d 223, 231-232 (1970).

Defendant next argues that he was not proven guilty beyond a reasonable doubt. We do not agree. The complaining witness positively identified defendant as the person he saw on top of him when the blindfold slipped. He additionally stated that on all three occasions, the defendant assisted in blindfolding him and leading him to the cell where the attacks occurred; that on one occasion he made the complaininmg witness do a "strip-tease" dance in the cell; that during the second series of attacks defendant told him that he would have to perform fellatio and then led him to the cell where this occurred; that on the last occasion it was defendant who ordered him to remove his pants. Although no other

witness testified to having observed defendant in the assault of the young man, one of defendant's own witnesses stated that during the last assault he heard defendant's laughter coming from the cell where the attacks occurred.

The law is well settled that even the uncorroborated identification of a defendant by a single witness, including the complaining witness is sufficient to convict if the testimony is positive and the witness credible, although contradicted by the accused. (*People v. Clarke;* 50 Ill.2d 104; 110 (1971), *People v. Gipson,* 29 Ill.2d 336, 341 (1963).) The complaining witness's testimony was both positive and credible. Although the nighttime lighting conditions in the cell were not optimal, there was sufficient light for a positive identification. (See *People v. Clarke, supra,* 109.) Although the complaining witness viewed defendant for only a few seconds after the blindfold slipped, because of his previous acquaintance with the defendant, this was sufficient time for a positive identification.

The judgment of the trial court is affirmed.

Judgment affirmed.

SEIDENFELD, P. J., and ABRAHAMSON, J., concur.