(No. 45149, 45176 cons.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. CHARLES M. McCLINDON, Appellant.—THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. MILLARD V. HUBBARD, Appellant.

*Opinion filed May 21, 1973.—Rehearing denied Sept. 27, 1973.*

JAMES J. DOHERTY, Public Defender, of Chicago (SHELVIN SINGER, Assistant Public Defender, of counsel), for appellánt.

WILLIAM J. SCOTT, Attorney General, of Springfield, and BERNARD CAREY, State's Attorney, of Chicago (JAMES B. ZAGEL, Assistant Attorney General, and ELMER C. KISSANE and JAMES E. STARUCK, Assistant State's Attorneys, of counsel), for the People.

MR. JUSTICE RYAN delivered the opinion of the court:

The defendants, Charles M. McClindon and Millard V. Hubbard, were jointly indicted for the murder of Leon Hunt. They were tried together by a jury in the circuit court of Cook County and verdicts were returned finding each defendant guilty of murder. Each defendant appealed to the Appellate Court for the First District where the appeals were consolidated and the judgments of the circuit court affirmed. (*People v. Hubbard, 4 Ill. App. 3d 729.*) Separate petitions for leave to appeal to this court were allowed, and the cases are again consolidated for opinion in this court.

On January 21, 1968, Virginia Williams, her mother and four children lived in a six-flat apartment building on

South Drexel in Chicago. She lived with her family on the first floor in a rear apartment. Leon Hunt, who was the father of two of her children, was also living in the apartment at the time he was killed. One of the children, Cassendra Williams, was 16 years old at the time of the incident. Virginia Williams left the apartment about 1 A.M. on that day. While she was away the two defendants came to the front door between 1:30 and 1:45 A.M. Cassendra let them in at the direction of her father, Leon Hunt. The two defendants and Hunt then went into the kitchen. Virginia Williams returned to the apartment about 2:30 A.M. She knew both of the defendants and found them and Hunt engaged in an argument in the kitchen. She did not know what they were arguing about, but she told them to take their argument outside because her mother was ill. The three men then stepped from the kitchen into the washroom and closed the door. She could still hear them arguing. She heard a scuffling on the floor and then a shot. She told Cassendra to run out of the house and then went to the bedroom where her mother and the other three children were. When she was in the bedroom she heard the two men run past the door. She then ran back to the washroom where she found Hunt unconscious. He had been shot, cut in the ear, and was bleeding from his mouth.

When her mother told her to leave the house, Cassendra ran to the front porch and while she was standing there the two defendants ran past her. As they did so, she observed the defendant Hubbard putting a gun in his belt. The police were then called. About 11 o'clock the same morning, an officer went to the McClindon residence. McClindon was not home at the time, but the officer talked to his mother. Two days later, on January 23, 1968, McClindon surrendered at the police station, and on January 28, 1968, Hubbard did likewise. At the trial, neither defendant testified and no evidence was presented to the jury in their defense.

The thrust of the argument of both defendants is that the evidence was not sufficient to prove either of them guilty of murder beyond a reasonable doubt. They argue that there is no evidence as to who fired the shot that killed Hunt. They also contend that there is no evidence which would make either of them legally accountable for the conduct of another. See Ill. Rev. Stat. 1967, ch. 38, par. 5—2.

Admittedly the evidence is circumstantial. However, it is of such a nature that the jury was fully justified in finding that Hunt had been murdered and that the defendants were guilty of his murder beyond a reasonable doubt. The determination of the jury will not be set aside unless the evidence is so unreasonable, improbable or unsatisfactory as to justify a reasonable doubt of the defendant's guilt. (*People v. Anderson, 48 Ill.2d 488; People v. Hampton, 44 Ill.2d 41.*) For the reasons we discuss later we find that the evidence supports the verdict.

We feel, as did the appellate court, that the decision of this court in *People v. Thicksten, 14 Ill.2d 132,* supports the judgments of guilty. In that case the defendant also argued that there was no direct evidence that he did any affirmative act in connection with the crime or joined in a common design to commit it. This court held that while mere presence or negative acquiescence is not enough to constitute a person a principal, circumstances may show that there is a common design to do an unlawful act to which all assent. This court observed in *Thicksten* that there was more shown by the evidence than mere presence at the scene of the robbery and a negative acquiescence therein. The defendant was closely associated with the other party involved in the crime immediately before and after as well as at the time it was committed. The defendant and the other party left the victim lying in a ditch and there was no evidence to show that the defendant attempted to notify the authorities or that he was prevented from doing so. The evidence which the

court found sufficient to sustain a conviction in *Thicksten* is closely analagous to the facts in our case.

In our case we find support for the verdicts in the fact that the defendants came to the apartment together late at night. Regardless of who started the argument or what it was about, the evidence showed that the defendants were standing in the kitchen arguing loudly with Hunt. When told to take their argument outside, instead of doing so, they stepped into the washroom which adjoined the kitchen and continued their argument. Following the shooting the two defendants fled from the house and Hubbard was seen putting the gun in his belt as he fled. McClindon did not surrender until two days later and Hubbard did not surrender until a week after the shooting. There is no showing that either defendant disapproved or opposed the commission of the homicide. (See *People v. Richardson, 32 Ill.2d 472, 477.*) We find that the conduct of each defendant in this case is not consistent with that of an innocent man. From the facts and circumstances in evidence the jury could reasonably find each defendant guilty. See also *People v. Kolep, 29 Ill.2d 116, 120; People v. Clark, 30 Ill.2d 67, 72; People v. Johnson, 35 Ill.2d 624, 626.*

Both defendants contend that the opinion of the appellate court shifts the burden of proof from the State to the accused and forces them to explain their conduct in violation of their rights under the fifth amendment. The language of the appellate court complained of is as follows: "The evidence proved, beyond a reasonable doubt, that defendants failed to offer an explanation for their conduct, either immediately before, during or after the killing of Leon Hunt. This failure was inconsistent with the behavior of persons similarly situated and innocent of the crime which was committed." (4 Ill. App. 3d 729, 733.) The language in question is extremely broad and is susceptible of misinterpretation as to the applicable law. Our affirmance of the defendants' convictions is not to be

construed as an approval of the language of the appellate court. We have, however, previously discussed the conduct of the defendants. This conduct was evidence from which the jury could draw inferences. The defendants had an opportunity during the trial to explain their conduct just as any defendant has an opportunity to explain, rebut or contradict any evidence presented against him. In the absence of such an explanation, rebuttal or contradiction the evidence stands unchallenged before the jury. This court has stated concerning conduct similar to that involved in this case: "In the absence of explanation, such conduct is not consistent with that of an innocent person similarly situated, and is sufficient to support an inference that a common understanding or design existed." (*People v. Thicksten, 14 Ill.2d 132, at 134; People v. Kolep, 29 Ill.2d 116, at 120.*) The application of this principle does not constitute an unlawful shifting of the burden of proof to the defendant nor is any fifth-amendment violation involved.

This court has found similar attacks on jury instructions concerning the inference of guilt to be drawn from *unexplained* possession of recently stolen property to be without merit. *People v. Nilsson, 44 Ill.2d 244; People v. Whittaker, 45 Ill.2d 491.*

The judgment of the Appellate Court for the First District affirming the judgments of the circuit court of Cook County is affirmed.

*Judgment affirmed.*