THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* STANLEY MYERS, Defendant-Appellant.

(No. 11984;

Fourth District—June 12, 1974.

Downs, Haddix & Schwab, of Chicago, for appellant.

John G. Satter, State's Attorney, of Pontiac (George S. Dzielak, of Circuit Attorney Project, of counsel), for the People.

Mr. JUSTICE TRAPP delivered the opinion of the court:

Defendant was convicted of deviate sexual assault upon the verdict of a jury. Sentence of 4 to 6 years was imposed. The offense occurred during a riot at the penitentiary in Pontiac.

As grounds for reversal defendant argues that the trial court erred in denying his request for a change of venue; that there was insufficient compliance with his motion for discovery and that there was a failure to prove guilt beyond a reasonable doubt.

We find no error in the denial of the motion for a change of place of trial. Such motion shall state facts showing the nature of the prejudice alleged and the evidence heard must show such prejudice on the part of the inhabitants of the county that defendant cannot receive a fair trial. Ill. Rev. Stat. 1971, ch. 38, par. 114—6.

The articles in the newspaper tendered with the motion were not inflammatory. The name of the defendant appeared only peripherally as one of the number of inmates who had been indicted. It cannot be said that he was the focus of any report.

■■ Each case is to be judged upon the fact of community prejudice. (*People v. Gendron*, 41 Ill.2d 351, 243 N.E.2d 208.) The record of *voir dire* examination provides a significant basis to show that absence of

community prejudice which permits a fair trial. (*People v. Torres*, 54 Ill.2d 384, 297 N.E.2d 142.) Here, the defendant neither made a challenge for cause nor exercised a preemptory. The absence of challenge is significant in determing whether it was possible to select jurors free from bias. *People v. Black*, 52 Ill.2d 544, 288 N.E.2d 376.

■■ Such a motion is subject to review as an act of discretion by the trial judge. (*People v. Parisie*, 5 Ill.App.3d 1009, 287 N.E.2d 310.) Upon review, the test is whether or not a denial of such motion for change was a clear abuse of the court's discretion. *People v. Tillman*, 4 Ill.App. 3d 910, 282 N.E.2d 231.

Defendant does not point out any matter in the voir dire which suggests that the jurors were unable to consider the evidence presented impartially. With such facts, we cannot say that there was an abuse of discretion in denying the motion.

The trial court granted defendant's motion that police reports "be made available at the time of trial." On the day prior to trial, a supplemental discovery motion requested production of records and testimony from hearings asserted to have been held by the Board of Review in the penitentiary. No motion for a continuance was made by defendant at this time to permit the prosecution to comply with this request prior to trial.

The defense called an assistant warden, Harvey. In direct examination, the witness advised that the prison disciplinarian would probably have a record consisting of substantially verbatim reports of testimony taken from various witnesses who observed the defendant at or near the time of the alleged assault. It is apparent from the record that neither defense counsel nor the prosecution were aware of the existence of such records prior to this time.

Following the noon recess, the State's Attorney stated that he had made inquiry of the secretary of the prison warden and was advised that the file Harvey had described was separate from the segregation file requested by defense counsel the previous day. He further stated that he had no knowledge as to the existence of the documents prior to the testimony of Harvey, and that the warden, Petrilli, had delivered the file in question to the courtroom.

Petrilli, called by the defendant, stated that the investigation reports in his possession had been made within a few days after the offense charged, and that the documents were contained in the defendant's case record.

Although an objection was made that the prosecution had not sufficiently complied with the discovery requested on the previous day, no motion for a continuance was made and defense counsel advised that

he had had time to read and examine the documents and was prepared to proceed with the trial.

■■ Defendant argues that the prosecution did not comply with written motions for discovery as required in Supreme Court Rule 412, and, in the alternative, that the prosecution was under obligation to supply the material in its possession showing matters favorable to defendant under the rule in *Brady v. Maryland*, 373 U.S. 83, 10 L.Ed.2d 215, 83 S.Ct. 1194. We cannot find a meritorious issue within the context of the facts presented. Defendant's argument that the prosecution refused to supply "prison reports" is founded essentially upon his interpretation of "police reports" as requested in his motion. The record shows that upon a reasonable specification, the prosecution responded as promptly as possible. The argument fails to point out any exculpatory matters relevant to the defense in the material supplied which would suggest prejudicial error. Defense counsel stated in the record that he had examined the documents produced and was prepared to continue with the trial. It is an established rule that counsel may waive error as to compliance with discovery. *People v. Embry*, 12 Ill.App.3d 332, 297 N.E.2d 604; *People v. Jones*, 13 Ill.App.3d 684, 301 N.E.2d 85.

Upon the issue of guilt, Pettit, an inmate, testified that he was in his cell on the same gallery as Queen, the victim. At that time the gallery was well illuminated and by means of a mirror, called a "gapper", thrust between the bars of the cell, he observed that Queen was "jumped" by some 6 black inmates, that Queen was struck and dragged back into a cell. Pettit did not observe the actual sexual assault, nor was he able to identify the defendant, Myers, as being a participant. He had, however, seen defendant in this gallery during the disturbance.

Queen testified that some prisoners were released from their cells during the disturbance at the penitentiary and that he and another inmate, Schwerdfeger, were in the gallery outside their cells. He and Schwerdfeger were approached by two black males subsequently identified as the defendant and one Harrison. After harassing Schwerdfeger, the inmates directed their attention to Queen and began beating him. They were joined by several unidentified black inmates in the assault. He testified that he was thrown into a cell and upon a bed and held down and was sexually assaulted seven or more times. He identified defendant as participating in the striking and beating, and that he was able to observe that defendant and Harrison were among those who assaulted him sexually. The others he could not identify when his face was turned down. He testified as to complaining of the assault to the authorities at the first opportunity and that the area was well illuminated at the time.

■■ The defendant denied the offense and called some 10 inmates as

witnesses, none of whom, however, provided alibi testimony as to the time at issue. The defendant argues the issue of reasonable doubt in the context that only the victim identified the defendant. The record does show a sufficient opportunity to observe the defendant at the time of the events described in evidence. (*People v. Dirkans*, 18 Ill.2d 300, 164 N.E. 2d 23; *People v. Gardner*, 35 Ill.2d 564, 221 N.E.2d 232.) In *People v. Shields*, 9 Ill.App.3d 682, 295 N.E.2d 153, it was specifically held that an identification in a prosecution for deviate sexual assault is sufficient to support the conviction where the record discloses identification that is positive and that the witness is credible. Nothing in the record suggests an impairment of the victim's opportunity to observe defendant.

■■ Defendant first raised in this court an assertion that the identification made at trial was tainted by reason of an allegedly prejudicial pre-trial photographic identification. Defendant elicited from the victim that he first identified defendant by viewing some 100 pictures of black inmates at the penitentiary. This means of identification was set out in the answer to the motion for additional discovery. The testimony is that none of such pictures bore any identification by name. Defendant now asserts an unduly suggestive procedure and that since the defendant was "in custody" a line-up should have been held. The description of the procedure refutes the argument that it was so suggestive as to create a substantial likelihood of irreparable misidentification. The identities of the men commiting the specific offense were unknown, and it was necessary to apprehend them. (*Simmons v. United States*, 390 U.S. 377, 19 L.Ed. 2d 1247, 88 S.Ct. 967.) It is noted that there was no motion prior to or at trial to suppress the identification. In *People v. Black*, 52 Ill.2d 544, 288 N.E.2d 376, it was held that the defendant cannot complain where the issue of suggestive identification is not raised in the trial court.

The judgment of conviction is affirmed.

Affirmed.

SMITH, P. J., and SIMKINS, J., concur.