THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. LEONARD HIGGINS, JR., Defendant-Appellant.

(No. 73-268;

Fifth District—March 26, 1975.

Stephen P. Hurley and Richard E. Cunningham, both of State Appellate Defender's Office, of Mount Vernon, and Douglas J. Rathe, Law Student, for appellant.

Howard Hood, State's Attorney, of Murphysboro (William B. Ballard, Jr., of State's Attorneys Task Force, of counsel), for the People.

Mr. JUSTICE KARNS delivered the opinion of the court:

Leonard Higgins, Jr., was convicted of aggravated battery after a jury trial in Jackson County and was sentenced to from 1 to 3 years. On appeal he alleges that he was not proved guilty beyond a reasonable doubt; that he was denied a fair trial by the trial court's failure to excuse a biased juror; and that improper State rebuttal testimony was allowed.

Defendant was indicted on two counts of aggravated battery, one charging the use of a deadly weapon, the other alleging that serious injury was inflicted. The charges arose from an altercation on March 10, 1973, in the Palms Tavern in Carbondale, during which defendant stabbed the complaining witness, Wayman "Tom" Abbage, three times in the chest with a small penknife.

■■ The evidence presented by the numerous witnesses on both sides was confusing and often contradictory. Defendant admitted the stabbing and relied on the claim that he acted in self-defense. The jury heard the evidence, viewed the witnesses, and were properly instructed in the law and appropriate defenses. They obviously chose to believe the State's theory of the incident and rejected that of the defense. We have reviewed all the evidence and do not believe it to be so unsatisfactory and unreasonable as to establish a reasonable doubt of defendant's guilt. (*People v. Hood,* 59 Ill.2d 315, 319 N.E.2d 802 (1974); *People v. McClindon,* 54 Ill.2d 546, 301 N.E.2d 290 (1973).) We will not, therefore, disturb the finding of the jury.

A more interesting question is presented by defendant's contention that the trial court erred in not excusing, sua sponte, an "opinionated" juror. During *voir dire* examination, a juror stated that he had formed an opinion about the case. Under intense interrogation by the court, the State's attorney, and defense counsel, the juror stated that he had read nothing about the case, knew none of the parties or attorneys and could give defendant a fair and impartial trial bound by the presumption of defendant's innocence and the instructions of the court. A State motion to have the juror excused for cause was denied. Defense counsel continued the interrogation and determined that the opinion was in part based on the witness' occupation and his contact with young laborers. The juror expressed no racial discrimination and reiterated his ability to

try the case fairly and impartially. Defense counsel specifically admonished the juror not to divulge the nature of his opinion, and the opinion was never expressed. Defense counsel accepted the panel without challenge.

■■■ Defendant concedes that counsel's failure to challenge the juror for cause or exercise a peremptory challenge waives any objection to the juror. (*People v. Ford*, 19 Ill.2d 466, 168 N.E.2d 33 (1960).) It has been held, in fact, that the failure to exercise any challenges indicates counsel's satisfaction with the panel. (*People v. Torres*, 54 Ill.2d 384, 297 N.E.2d 142 (1973).) Defendant contends, however, that counsel's acceptance of the "opinionated" juror constituted ineffective assistance of counsel which denied him a fair trial. We cannot agree. The record as a whole indicates that counsel *chose* not to challenge the juror, presumably because counsel felt the juror's opinion to be in his favor. That this tactic proved unwise in retrospect does not render the assistance of counsel ineffective. (*People v. Martin*, 44 Ill.2d 489, 256 N.E.2d 337 (1970); *People v. Wesley*, 30 Ill.2d 131, 195 N.E.2d 708 (1964).) It is notable that the State asked to have the juror removed. The judge answered that prejudice had not yet been proved. Defense counsel did not attempt to further demonstrate prejudice, but instead carefully determined that the juror would give defendant a fair trial and acquit if the State failed to meet its burden of proof. The defendant was not denied a fair trial by action of the court or counsel.

Defendant finally contends that the trial court erred in allowing the State to present direct evidence in rebuttal. The record reveals that the State asked for and received a continuance during the presentation of its case in chief to secure the presence of additional witnesses. The defendant objected strenuously to the continuance. The trial court told the State that any witnesses not produced when the trial resumed would not be allowed to testify. Upon resumption of the trial, the State produced one additional witness and rested. During presentation of the defense case, the State asked to reopen its case but was refused by the court. Two witnesses testified in rebuttal without objection by the defendant. Their testimony, though not particularly damaging to defendant, contradicted certain details of defense testimony. Defendant properly preserved the question by raising it in a post-trial motion.

Defendant argues that the evidence of the "rebuttal" witness was wholly direct in nature and the use of such testimony in rebuttal was reversible error. (*People v. Crump*, 5 Ill. 251, 125 N.E.2d 615 (1955); *People v. Castree*, 311 Ill. 392, 143 N.E. 112 (1924).) We cannot agree. The cases cited involved clear prosecutorial misconduct in obtaining and presenting witnesses. While the testimony in the instant case should

have been presented in the State's case in chief, and we do not commend the State for its actions in this regard, the testimony did in part rebut defense evidence. As such, its admission was properly within the sound discretion of the trial court. *People v. Burnett*, 27 Ill.2d 510, 190 N.E.2d 338 (1963); *People v. Gray*, 7 Ill.App.3d 526, 288 N.E.2d 26 (1972); *People v. Nettles*, 107 Ill.App.2d 143, 246 N.E.2d 29 (1969); *People v. Jackson*, 98 Ill.App.2d 97, 240 N.E.2d 364 (1968).

The judgment of the Circuit Court of Jackson County is affirmed.

Affirmed.

EBERSPACHER and CARTER, JJ., concur.