L. T. CRAWFORD V. STATE

No. 28,312. May 16, 1956.

Appellant's Motion for Rehearing Overruled
June 20, 1956.

*Burks & Brown,* Lubbock, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

BELCHER, Judge.

The conviction is for burglary; the punishment, two years in the penitentiary.

Sam Jones, nightwatchman of the city of Seymour, testified that about dark, June 15, 1952, while he was seated in his patrol car on the street, he heard an explosion and saw the front part of the Western Pharmacy building blown out into the street; that he ran to an alley at the rear of said building where he saw appellant staggering about ten feet from the opened back door of the Western Pharmacy building with his shoe and trousers on fire. At this time the Western Pharmacy building was burning; that after appellant made two or three efforts to leave the scene he arrested him and placed him in the patrol car and then requested Lowell Cure to go with him and appellant to the hospital.

Cure testified that upon request by Sam Jones he assisted him in taking appellant, who was suffering from burns on his hands, leg and mid-section, to a hospital; that he accompanied appellant into the emergency room where Dr. Foy ordered his clothing removed which was then placed on the floor in the corner of the emergency room; that at the request of Dr. Foy he made an examination of appellant's clothing, as was done in all emergency cases, and found a bottle of narcotics, over $100 in money, and two new billfolds. When Dr. Foy had finished treating the appellant he and the items removed from his clothing were delivered to the sheriff.

Testimony was offered by Floyd Davis, part owner of the

Western Pharmacy building, showing the unlawful breaking and entering of said building by someone without his consent, and evidence of facts and circumstances were also offered showing that the two billfolds removed from appellant's clothing were taken from said building without the consent of the said Floyd Davis at the time in question.

We find the evidence sufficient to support the verdict of the jury.

Appellant contends that the search of his clothing was illegal, therefore, the seizure of the items contained in them was illegal, and that the trial court erred in admitting the same in evidence.

When the officer heard the explosion and saw the front of the building blown into the street it became his duty to investigate the occurrence. An examination of the premises and detention of any person connected with the building or the explosion and fire was a necessary part of such investigation. Appellant was staggering and fighting the fire on his shoe and trousers when first seen a few feet from the back door of the building which was on fire and made several efforts to leave' the scene. It is not shown whether these efforts were to escape or to seek aid for his injuries.

Under the circumstances it became the duty of those present to render aid to the injured person which they did by immediately taking appellant to a hospital.

During the examination of appellant in the emergency room, Dr. Foy had his clothing removed and examined. The examination of his clothing was necessary in order to determine if he possessed any written instructions, directions, information, objects, or things which might be connected with or would throw any light on his then or pre-existing condition, the diagnosis, or the care and treatment to be given, as well as to preserve and safely keep anything his clothing contained so that it could later be returned to him with an accurate and reliable accounting therefor. Public policy not only authorized but required that aid be rendered to the injured party, and justified their acts in so doing. Dubbs v. State, 143 Tex. Cr. R. 82, 157 S.W. 2d 643. Hence they lawfully removed and examined his clothing and whatever incriminating facts or circumstances that were discovered by them were admissible in evidence. The Constitution only prohibits an unreasonable search, but the facts of

the present case do not show an unreasonable search of appellant's clothing.

Finding no reversible error, the judgment of the trial court is affirmed.

Opinion approved by the Court.

ON MOTION FOR REHEARING

MORRISON, Presiding Judge.

Appellant takes us to task for not discussing more fully in our original opinion his contention that the evidence was insufficient to support the conviction. He says that the evidence does not preclude the outstanding hypothesis that the fireman and not the appellant broke and entered the rear door of the pharmacy. With such contention, we do not agree.

Officer Jones testified that when he turned the corner immediately after the blast the appellant was staggering away from the back door of the pharmacy and was some ten feet away from the door, which was open at the time. He stated further that no fire truck had arrived at this time. The back door showed signs of having been forced, and the appellant was in possession of two unused billfolds of the same kind as those sold in the pharmacy. The owner was unable to trace the source of his supply of billfolds because his records were destroyed in the fire. The appellant was not brought to trial for some years after the offense herein charged because he escaped from jail.

Remaining convinced that we properly disposed of this cause originally, appellant's motion for rehearing is overruled.