■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JAMES TEAMS, Appellant.— Appeal by the defendant from a judgment of the former County Court, Kings County, rendered February 16, 1962 after a jury trial, convicting him of carrying a dangerous weapon as a felony (Penal Law, former § 1897, subd. 5-a), and sentencing him as a second felony offender to serve a term of 7 to 10 years. Judgment modified on the law by striking out the sentence; and the defendant is remanded to the Criminal Term, Supreme Court, Kings County, for resentence as a first felony offender. As so modified, judgment affirmed. The defendant was convicted on evidence establishing his guilt beyond a reasonable doubt. Defendant contends that the search of his person and the seizure of the loaded gun found in his pocket were illegal (*Mapp* v. *Ohio*, 367 U. S. 643). We reach the conclusion that under the circumstances here the search and seizure did not violate the Fourth Amendment to the Federal Constitution. Two persons telephoned the 78th Police Precinct in Brooklyn and informed a sergeant on switchboard duty that a man by the name of "Big Jim" was standing in the street, discharging a gun in front of a designated building on St. John's Place. Both informants described "Big Jim" as a man over six feet tall, wearing a brown shirt which covered the top of gray trousers. Both refused to identify themselves. The sergeant thereupon directed Patrolman Pica, who was on radio patrol car duty with another patrolman, to proceed to St. John's Place. Patrolman Pica knew the defendant as "Big Jim" and as one who had been arrested many times and who had a reputation as the "enforcer" and "strong-arm-man" of St. John's Place. On arriving at St. John's Place, Patrolman Pica found the defendant dressed as described by the two informants. The patrolman searched the defendant and uncovered a loaded pistol containing three spent and two unspent bullets; the patrolman then arrested the defendant on the charge for which he was later indicted (Penal Law, former § 1897, subd. 5-a). The defendant argues that the search and seizure were not preceded by probable cause because anonymous telephone calls cannot be a basis of more than mere suspicion (Code Crim. Pro., § 177, subd. 4). However, this case does not involve the arrest of a person, theretofore unknown to the arresting officer, solely on the basis of anonymous accusations. It involves the arrest of a named, physically described person, whose correct location was given and whose undenied, criminal reputation was known to the arresting officer. Equally

significant, the crimes of which defendant was accused by the anonymous callers, if true, (1) were then directly imperiling the physical welfare of the community at large; (2) were compatible with the defendant's criminal reputation for violence; and (3) appeared to have been made by persons in the imperiled area who had observed the defendant and his criminal conduct. Under circumstances of that nature, we conclude that Officer Pica had reasonable grounds to believe that defendant was committing a felony (the continued possession of a loaded revolver), had committed a misdemeanor (discharging a weapon in public), and might soon commit that misdemeanor again. In determining probable cause we consider those practical elements entering into everyday life on which reasonable and prudent men act (*Brinegar* v. *United States,* 338 U. S. 160, 175) ; we make our decision on "the total atmosphere of the case" (*United States* v. *Rabinowitz,* 339 U. S. 56, 66), including, in the case at bar, circumstances so exigent that the police were impelled to immediate action (cf. *People* v. *Santiago,* 13 N Y 2d 326; *People* v. *Martin,* 13 N Y 2d 326). In this milieu, we cannot ignore the "necessities of government," or "strain an immunity to the point at which human nature rebels against honoring it in conduct" (*People* v. *Chiagles,* 237 N. Y. 193, 197). We do not read *People* v. *Coffey* (12 N Y 2d 443) or *People* v. *James* (4 N Y 2d 482) as compelling the conclusion that the search and seizure violated the defendant's rights. Untested or unidentified informants alone may not furnish the basis for probable cause, but where their statements' are combined with the arresting officer's personal knowledge and observation, the total effect may well lay the foundation for the search and seizure following (cf. *Rodgers* v. *United States,* 267 F. 2d 79; *Christensen* v. *United States,* 259 F. 2d 192; *State* v. *Hoover,* 219 Ore. 288; *People* v. *Witt,* 159 Cal. App. 2d 492). However, it appears that the defendant was sentenced incorrectly as a second felony offender. The defendant was convicted previously in South Carolina for the crime of assault and battery of a high and aggravated nature upon his plea of guilty, a crime concededly including acts which would not be felonious if committed in New York (*State* v. *Jones,* 133 S. C. 167). The foreign conviction cannot be the predicate for the treatment of the defendant as a second felony offender (*People ex rel. Goldman* v. *Denno,* 9 N Y 2d 138). We do not think that the circumstances that the defendant was originally indicted for the crime of assault and battery with intent to kill, and that the indictment contained allegations which charge a crime which would be a felony in New York, change the result. Though the defendant pleaded guilty to a lesser crime than that alleged in the indictment, he did not thereby admit the truth of the facts alleged (*People* v. *Griffin,* 7 N Y 2d 511, 515). There is nothing in the defendant's plea in South Carolina or in the judgment entered thereon which indicates that he admitted facts constituting a felony in New York. Kleinfeld, Brennan, Hill and Hopkins, JJ., concur; Beldock, P. J., dissents as to the modification and votes to affirm the judgment *in toto,* with the following memorandum: On October 25, 1948 defendant and another were indicted in South Carolina for feloniously, willfully, and with malice aforethought, assaulting one Grooms with a deadly weapon, with intent to kill. On October 28, 1948 defendant pleaded guilty "to the charge therein named" of assault and battery of a high and aggravated nature. In my opinion, this was a conviction of a felony sufficient to justify defendant's present sentence as a second felony offender. When he pleaded guilty "to the charge" named in the South Carolina indictment, he pleaded guilty to the operative and material act and fact named therein, to wit, assault with a dangerous weapon, except that it was without intent to kill. There were no allegations in the South Carolina indictment that defendant committed the crime charged in any other way than with a dangerous

weapon. Since this act would necessarily be a felony in New York, it is a felony for second offender purposes (*People ex rel. Gold* v. *Jackson*, 5 N Y 2d 243). It may not be assumed that defendant was convicted of a crime which would be a misdemeanor in New York, since no such facts were alleged in the South Carolina indictment to which he pleaded guilty.