**UNITED STATES of America, Appellee,**

v.

**Salvatore J. BARONE, Defendant-Appellant.**

**No. 369, Docket 28699.**

United States Court of Appeals Second Circuit.

Argued March 18, 1964.

Decided April 16, 1964.

Certiorari Denied June 22, 1964. See 84 S.Ct. 1940.

Joseph P. Hoey, U. S. Atty. for the Eastern Dist. of New York, Brooklyn, N. Y. (Jerome C. Ditore, Asst. U. S.

Atty., Brooklyn, N. Y., on the brief), for appellee.

Jerome Lewis, Brooklyn, N. Y., for defendant-appellant.

Before LUMBARD, Chief Judge, and FRIENDLY and HAYS, Circuit Judges.

LUMBARD, Chief Judge.

Salvatore Barone appeals from his conviction by Judge Mishler, sitting without a jury, in the United States District Court for the Eastern District of New York, for possession of counterfeit money with intent to defraud in violation of 18 U.S.C. § 472. We affirm.

The case presents only one issue: whether the evidence introduced at trial was illegally obtained.

After a hearing Judge Mishler denied appellant's motion to suppress, Rule 41 (e), Federal Rules of Criminal Procedure, and found him guilty of the crime charged.

Judge Mishler made the following factual determination: On December 5, 1960, at about 1:50 A.M., New York City Patrolmen Hannafey, Cottle, Boylan, and two others heard screams emanating from a rooming house located at 2123 Cropsey Avenue in Brooklyn. The patrolmen proceeded to the second floor, on which was located the only lighted room. They determined that the screams, which persisted, came from room #7, and Hannafey knocked on that door. A male voice, later shown to be that of the defendant, inquired as to who was knocking; Hannafey answered "the police." After several repetitions of this interchange a Jacqueline D'Orsay opened the door. When the officers entered the room, Miss D'Orsay and a Mrs. Norma Tasiello, the lessee of the room, stated that they had no knowledge of any cause for the screams, and Mrs. Tasiello suggested that she might have had a nightmare. The officers then heard the flushing of a toilet in the bathroom, out of which emerged the defendant in his undershorts. Cottle entered the bathroom, observed pieces of currency floating in the commode, and retrieved them. Boylan then pulled the chain of the water closet and recovered the additional pieces of currency which had floated to the surface.

■■ The torn pieces of counterfeit currency seen floating in the commode in the plain view of Patrolman Cottle were not found as the result of a search. That which is in plain view is not the product of a search. Ker v. California, 374 U.S. 23, 36–37, 83 S.Ct 1623, 10 L. Ed.2d 726 (1963); Petteway v. United States, 261 F.2d 53 (4 Cir. 1958). If the further pieces recovered by pulling the chain are deemed to have been produced by a search, such a search had become justified by the discovery of the first pieces, which made it apparent that unless immediate measures were taken, additional evidence of a crime would be destroyed.

■ This case resolves itself, then, into the following: were the police officers lawfully on the premises of Mrs. Tasiello and did Patrolman Cottle properly enter the bathroom? That these questions must be answered in the affirmative is obvious.

The police, hearing loud screams in the dead of night, acted, as was their duty, to investigate the source. Police are peace officers and are charged with the duty of crime prevention. New York City Charter, § 435. They had every reason to fear that assault or mayhem was being committed.

The officers did not gain entrance to Mrs. Tasiello's room through any ruse. They rightfully demanded entrance. Compare Davis v. United States, 327 F. 2d 301 (9 Cir. 1964), where the officers were admitted in order to talk to the defendant, and Judge Burger's concurring opinion in Wayne v. United States, 115 U.S.App.D.C. 234, 318 F.2d 205, 209–214 (D.C.Cir.), cert. denied, 375 U.S. 860, 84 S.Ct. 125, 11 L.Ed.2d 86 (1963), where the forcible entry may have been to aid an unconscious or dying woman, who was the victim of an abortion, see generally People v. Teams, 20 A.D.2d 803, 248 N.Y.S.2d 477 (2d Dept. 1964), upholding a body search of the defendant by officers responding to two anonymous calls that "Big Jim" was shooting

a gun in the street; see also People v. Salerno, 38 Misc.2d 467, 235 N.Y.S.2d 879 (S.Ct., Bnx.Co.1962) denying a motion to suppress where the police stopped the defendant, who was carrying a shotgun through the streets late at night, and after receiving an unsatisfactory explanation frisked him and found concealed weapons.

■ The right of the police to enter and investigate in an emergency without the accompanying intent to either search or arrest is inherent in the very nature of their duties as peace officers, and derives from the common law. See generally Read v. Case, 4 Conn. 166 (1822). Indeed it is obvious that had the patrolmen been denied entry to the apartment they would have had the right, if not the duty, to gain entry forcibly. See Wayne v. United States, supra (Burger, J., concurring).

Having found nothing amiss in the main room of the apartment, it was the duty of the police to enter the bathroom and complete their view of the premises. They knew that a man must be in the bathroom as they had been answered by a male voice when they sought admission. Their investigation of the cause of the screaming would have been incomplete without finding out who might be in the bathroom and whether anyone there might be in need of aid. The fact that the appellant had just left the bathroom as they were on the point of entering did not render it unnecessary for them to view the bathroom. At this point the sound of the water directed Patrolman Cottle's attention to the commode where paper money was floating in plain view. As it is unusual for anyone to flush away good paper money, it was in the line of the officer's duty to take the money from the commode to ascertain its nature. His presence at the place was lawful. The performance of his duty required him to act as he did.

We find no error in the denial of the motion to suppress and accordingly affirm the conviction.