Calvin VAUSS, Appellant,

v.

**UNITED STATES of America,**
**Appellee.**

**No. 19484.**

United States Court of Appeals
District of Columbia Circuit.

Argued Sept. 15, 1966.

Decided Nov. 17, 1966.

Petitions for Rehearing En Banc and for Rehearing Before the Divisions Denied Jan. 10, 1967.

---

order to secure identification if possible and then to prepare a report for the hospital concerning the sick man. In the process, he examined the appellant's pockets, did not find identifying material, but found 15 cellophane envelopes containing a white powder which at the time appeared to the officer to be narcotics, packaged as he had observed contraband narcotics on other occasions.

After the arrival of the ambulance crew who attended the appellant, the latter regained consciousness and was taken to the police station where a capsule, containing a white powder similar to that in the cellophane envelopes, was found on his person. Subsequent laboratory analysis confirmed the officer's original tentative conclusion that the white substance was narcotics. No federal stamps were attached to the narcotics.

Appellant was found guilty on one count of having purchased, sold and dispensed a narcotic drug not in or from an original stamped package and on another count of having facilitated the concealment and sale of the drug after illegal importation. Concurrent sentences were imposed.

■ At argument, appellant's counsel abandoned his pretrial claim that the arrest was illegal. He asserts, however, that the narcotics found on his person were illegally seized and should have been suppressed. We reject that contention as unfounded. Perhaps because in a typical factual setting of arrest plus discovery and seizure of evidence the arrest occurs first and the search and seizure are incidental to it, there is a tendency to forget momentarily that evidence can be seized in other ways than by arrest, or by formal warrant. Admissible evidence may be acquired before or after an arrest or without an arrest. If discovered by search, its admissibility turns on whether the search was lawful, i. e., reasonable in the circumstances.[1] That so reason-

Mr. Hal Witt, Washington, D. C. (appointed by this court), for appellant.

Mr. Robert S. Brady, Atty., Dept. of Justice, with whom Messrs. David G. Bress, U. S. Atty., Frank Q. Nebeker and William H. Collins, Jr., Asst. U. S. Attys., were on the brief, for appellee.

Before DANAHER, BURGER and MC-GOWAN, Circuit Judges.

PER CURIAM.

Two police officers found appellant unconscious on a public street; they called an ambulance when they could not rouse him. One officer searched appellant in

---

1. Two instances of searches without warrant which are universally accepted as being reasonable are those incident to an arrest and those where the chance of flight makes it impracticable to obtain a warrant. See, e. g., United States v. Ventresca, 380 U.S. 102, 107 n. 2, 85 S.Ct. 741, 13 L.Ed.2d 684 (1965). These are

able a search as occurred here happens to yield evidence of a crime as a by-product even though not so intended is irrelevant. A search of one found in an unconscious condition is both legally permissible and highly necessary. There is a positive need to see if the person is carrying some indication of a medical history, the rapid discovery of which may save his life; there is also a need to identify persons so found in order to notify relatives or friends. That the cause of appellant's being unconscious was not known in no way impaired but rather enhanced the need and inherent power to search appellant.[2]

As soon as the policeman saw a substance which, as a prudent officer he recognized as a "deck" of "dope," indeed some 15 such envelopes, grounds for making an arrest existed. Use of the evidence, discovered as described, and of the heroin capsule found at the precinct after the arrest, was not unlawful.

One other claim on appeal warrants comment. After the jury retired under correct instructions, to which no objection was made, it returned to inquire[3] whether possession constituted purchase and sale of narcotics and whether it constituted knowledge that the narcotics were illegally imported. The court answered in the affirmative.

 No doubt, a more complete explanation would have been better advised but again no objection was made by the defense. We must read the dubious supplemental instruction along with the principal instruction and consider the matter as a whole; so viewed, we can not regard this as "plain error." The unexplained and overwhelming evidence of possession of the contraband drugs was, of course, sufficient to authorize judgment of guilt on both counts.[4]

Affirmed.

merely illustrations of the principle, *ibid.*, and obviously do not exhaust the situations in which a search without a warrant is reasonable.

2. In Lake v. Cameron, 124 U.S.App.D.C. 264, 364 F.2d 657 (1966), this court suggested the desirability of requiring mentally impaired persons to carry some identification so they could be identified as such and taken home when found wandering. Diabetics and other chronic patients often carry identity cards and instructions as to what should be done if they are found unconscious or in a diabetic coma. By clear implication we affirmed in *Lake* both the need and authority to search the person of one found unconscious or wandering so as to be exposed to danger.

3. The judge in his instructions had read to the jury the indictment which had tracked 26 U.S.C. § 4704(a) and 21 U.S.C. § 174. The judge had explained that the absence of appropriate taxpaid stamps constituted prima facie evidence of a violation of the statute, just as possession of the narcotics was to be deemed sufficient evidence to authorize conviction unless the accused either by his own testimony or otherwise "explains the possession to the satisfaction of the jury."

The Supreme Court in Harris v. United States, 359 U.S. 19, 79 S.Ct. 560, 3 L.Ed.

2d 597 (1959) agreed with the Court of Appeals which had found no error in "an instruction that proof of possession of unstamped heroin, in the absence of explanation, might support a conviction on each of the charges in view of the separate statutory presumptions." *Id.*, 359 U.S. at 20, 21, 79 S.Ct. at 562. And see Harris v. United States, 248 F.2d 196, 199–200 (8 Cir. 1957).

The Court pointed out that Harris had made no objection to the court's charge at the time of trial. 359 U.S. at 21, 79 S.Ct. 560.

The heroin here, just as in Harris v. United States, had been introduced in evidence and the jury could determine whether or not it was stamped. The instructions as given in detail clearly were related to the question submitted by the jury as to which the supplemental instruction was forthcoming. As we read the instructions as a whole in light of the circumstances set forth, we can not believe that the jury could have been misled.

4. 21 U.S.C. § 174 (1964); 26 U.S.C. § 4704(a) (1964); Harris v. United States, *supra* note 3; Roviaro v. United States, 353 U.S. 53, 63, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957); Vick v. United States, 113 U.S.App.D.C. 12, 304 F.2d 379 (1962); cf. Yee Hem v. U. S., 268 U.S. 178, 185, 45 S.Ct. 470, 69 L.Ed. 904 (1925).