(No. 42147.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* MAURICE SMITH, Appellant.

*Opinion filed December 4, 1970.*

PAUL B. EPISCOPE, of Chicago, appointed by the court, for appellant.

WILLIAM J. SCOTT, Attorney General, of Springfield, and EDWARD V. HANRAHAN, State's Attorney, of Chicago, (JAMES B. ZAGEL, Assistant Attorney General, and ROBERT A. NOVELLE and THEMIS N. KARNEZIS (Graduate Law Student) Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE CREBS delivered the opinion of the court:

In a bench trial before the circuit court of Cook County, defendant, Maurice Smith, was convicted of unlawful possession of a narcotic drug and sentenced to not less than two years nor more than four years in the penitentiary. Defendant contends that the warrantless search of his person that revealed his possession of marijuana constituted a violation of his constitutional rights against unreasonable search and seizure under the fourth amendment to the United States constitution, and that the trial court erred in denying his motion to suppress such evidence.

In response to a radio call that a man was "down" in the hallway of a small hotel in Chicago two police officers

found defendant lying on a landing between the first and second floors. The officers testified that in an attempt to awaken him they shook him and when there was no response they stood him on his feet and, with one on each side of him, supported him against the wall. Though there was no indication of alcohol on his breath nor any evidence of drinking he nonetheless was very disoriented and incoherent. They informed him that he was under arrest for disorderly conduct and he was "patted down" for weapons. When he failed to answer questions concerning his identity, what he was doing there, where he lived and whether he had a wallet, the officers then searched him, seeking some identification, and in the process found several packets of marijuana in his back pocket.

Defendant cites a number of cases setting forth the principle that a search incident to a lawful arrest is limited to a search for weapons to assure the safety of the arresting officers and to prevent concealment or destruction of the fruits of the crime or contraband connected with the crime for which the suspect was arrested. He argues that these limitations were not present here as his condition gave the officers no concern for their safety and there can be no fruits of the crime of disorderly conduct. He contends that once a search is allowed to go beyond the strictly limited purpose of discovering weapons and evidentiary items, no consideration relevant to the fourth amendment can suggest any point of rational limitation.

We cannot agree with this line of reasoning, for as indicated by the great number of search and seizure cases before the courts today there is no iron-bound rule that governs all such cases regardless of circumstances. The constitutional prohibition is against unreasonable searches and seizures and what is reasonable or unreasonable is dependent upon the facts of each individual case. We have no quarrel with any of the cases cited by the defendant but no one of them meets the facts of this case. Here the officers were

summoned to investigate the circumstances involving a distressed person. They found him in a stupor, not intoxicated apparently, for there was no odor of alcohol. But he was totally disoriented and incoherent, unable to answer their questions as to his condition or identity. For all they knew he may have been a diabetic in shock or a distressed cardiac patient. The officers were faced with an entirely different set of facts requiring different guide lines. This was an emergency situation where the welfare of the individual was at stake.

This court has recently discussed a similar emergency situation in *People* v. *Smith*, 44 Ill.2d 82. Though not determinative of the case, we commented that it was reasonable and appropriate for the police to remove a wallet from the clothing of a seriously wounded and semi-conscious person and that the damaging evidence contained therein was admissible in evidence at his later trial. We stated that it was reasonable to consider that the wallet might provide information of value in the handling of the wounded man, *e.g.,* information concerning his blood type, being a diabetic, being unable to tolerate certain medications or anesthetics, religious affiliation, and that, in fact, had the officer failed to secure the wallet, a criticism of his professional conduct could not be lightly dismissed. We concluded that under such circumstances the constitutional rights of defendant would not be infringed.

Other jurisdictions have determined the specific point here at issue. In *People* v. *Gonzales*, 182 Cal. App. 2d 276, 5 Cal. Rptr. 920, a case involving a charge of illegal possession of narcotics, it was held that where defendant was found either unconscious or nearly so with a knife wound, a search made for identification of defendant was reasonable and lawful and that the seizure of a package of marijuana from his pants pocket was not a violation of his constitutional rights. The court stated that after finding a man in defendant's condition any alert and conscientious officer would be

put on inquiry and the first step in the inquiry would be to clearly identify the victim, and that failure to do so would subject him to severe censure. It was stated further that reasonableness is not a mere matter of abstract theory but a practical question to be determined in each case in the light of its own circumstances. In *United States* v. *Hickey*, 247 F. Supp. 621, it was held that where an accused was so drunk when found in an alley that it was impossible for the police to be certain that he had even given them his correct name and address, a search of defendant to obtain his wallet was justified. The court stated that it was not only the right but the duty of the arresting officer to search an arrested person if necessary to determine his true identity and that where evidence of a greater offense is uncovered in such a search incident to his arrest for intoxication such evidence is admissible against him in his trial on the greater offense.

Similar questions have arisen involving police entry of residences without warrants. In *Patrick* v. *State* (Del. 1967), 227 A.2d 486, it was held that police entry to investigate a report of a person dead or dying was reasonable and lawful and evidence thereafter seized was not a violation of constitutional right. The court stated that the general rules governing searches and seizures are subject to the exception of emergency situations, sometimes called the "exigency rule"; that the right of the police to enter and investigate in an emergency is inherent in the very nature of their duties as police officers, and derives from the common law; that the preservation of human life is paramount to the right of privacy protected by search and seizure laws and constitutional guarantees; that it is an overriding justification for what otherwise might be illegal entry. Based on the same reasoning identical results were reached in *United States* v. *Barone* (2d cir., 1964), 330 F.2d 543, and in *Wayne* v. *United States* (D.C. cir., 1963), 318 F.2d 205.

We subscribe to the rules set forth above and under the

circumstances of the case before us we find that the search of defendant and the seizure of narcotics from his person were reasonable and lawful and not a violation of his constitutional rights.

The judgment of the circuit court of Cook County is affirmed.

*Judgment affirmed.*