**STATE of Missouri, Respondent,**

v.

**George Edward MILLER, Appellant.**

**No. 57456.**

Supreme Court of Missouri,
Division No. 1.

Nov. 13, 1972.

---

John C. Danforth, Atty. Gen., B. J. Jones, Asst. Atty. Gen., Jefferson City, for respondent.

George J. Donegan, Springfield, for appellant.

WELBORN, Commissioner.

Appeal, filed prior to January 1, 1972, from judgment and sentence of three years' imprisonment upon jury-waived trial at which George Edward Miller was found guilty of unlawful possession of a narcotic drug.

The sole issue in this case is the legality of the search which produced the evidence of the narcotic in appellant's possession.

On February 26, 1971, Officer Ronald Worsham of the Springfield Police Department was dispatched to the Continental Bus Depot in Springfield in response to a call that a man was down in the washroom. Officer Worsham went into the restroom and found a man lying on the floor. He checked the man to see if he could find any bumps on his head or any reason why he had passed out. The officer then "patted down" the man's pockets and found a paper sack in one of his coat pockets. He removed the sack and found a syringe and some pills. The officer also noticed another syringe on the wash basin directly in front of where the man was lying.

The man, appellant Miller, regained consciousness and was assisted to his feet by the officer. The officer inquired whether he was sick and Miller responded negatively. The officer asked whether Miller was under a doctor's care and had a prescription for any kind of medication and he stated that he did not.

The officer thereupon placed Miller under arrest, read the Miranda warning to him and asked what had happened. Miller replied that he had given himself a shot and got it wrong and knocked himself out. The officer asked what he had given himself and Miller replied that it was demerol. The pills in the sack found on Miller were found to be demerol.

The defendant moved to suppress the evidence seized from the person of the defendant on the grounds that it was not seized pursuant to a search warrant, nor as an incident to a lawful arrest, nor as an incident to an arrest based upon probable cause. The motion to suppress was overruled at a pretrial hearing and the motion was again overruled when renewed at the trial.

Trial to the court resulted in a finding of guilty of unlawfully· possessing a narcotic drug. The sole point on this appeal is that the trial court erred in overruling the motion to suppress the items taken from defendant's person and in admitting such items into evidence.

Appellant acknowledges that, in State v. Sutton, Mo.Sup., 454 S.W.2d 481, this state accepted the so-called "emergency doctrine" as the basis for finding a search without a warrant reasonable and therefore not violative of either state or federal constitutional guaranties. The factual basis for application in Sutton of the so-called "emergency doctrine" was rejected by the Eighth Circuit Court of Appeals in Root v. Gauper, 438 F.2d 361, but the court specifically recognized that "the Supreme Court of Missouri has the prerogative of accepting that doctrine * * *." 438 F. 2d 365.

The "emergency doctrine" has been the basis for upholding the search of a person which revealed evidence of criminal law violation by the person searched in a situation such as this. In the case of Vauss v. United States, 125 U.S.App.D.C. 228, 370 F.2d 250, police officers found the defendant unconscious on a public street. A search of his person for identification revealed a substance subsequently found to be narcotics. In upholding the legality of the search, the court stated (370 F.2d 251–252):

"That so reasonable a search as occurred here happens to yield evidence of a crime as a by-product even though not so intended is irrelevant. A search of one found in an unconscious condition is both legally permissible and highly necessary. There is a positive need to see if the person is carrying some indication of a medical history, the rapid discovery of which may save his life; there is also a need to identify persons so found in order to notify relatives or friends. That the cause of appellant's being unconscious was not known in no way impaired but rather enhanced the need and inherent power to search appellant."

In the case of People v. Smith, 47 Ill.2d 161, 265 N.E.2d 139, the Illinois Supreme Court applied the doctrine in a similar situation. In Smith, the police purportedly placed the unconscious defendant under arrest for "disorderly conduct," but the court did not rely upon the arrest as justification for the search.

The search in this case was reasonable under the above authorities. Appellant argues that the officer did not state the reason for his search of the defendant. However, the objective facts are what give rise to the right and duty of the police in a situation such as this. It would be unrealistic to require that the officer first state that his motive was to obtain identification or evidence of medical condition. The circumstances call for action and the officer in this case did not act unreasonably.

Judgment affirmed.

HIGGINS, C., concurs.

PER CURIAM:

The foregoing opinion by WELBORN, C., is adopted as the opinion of the court.

All of the Judges concur.