**Elias V. PEREZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 49111.**

Court of Criminal Appeals of Texas.

Oct. 23, 1974.

Gregory Luna and Jeffrey Wentworth, San Antonio, for appellant.

Ted Butler, Dist. Atty., Lucien Campbell, Douglas Young, Asst. Dist. Attys., San Antonio, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DALLY, Commissioner.

The appellant was convicted for possession of heroin, and his punishment assessed by a jury was imprisonment for twelve years. A single ground of error asserts that the trial court erred in denying the appellant's motion to suppress evidence and in overruling his timely objection to the introduction of evidence alleged to have been unlawfully obtained.

On March 11, 1973, between 6:00 and 8:00 p. m., appellant entered the American Hotel in San Antonio and rented a cot for the night from the manager Gerald Gilbert. About 1:00 a. m. the next morning, as Gilbert was checking the second floor of the hotel for drunks and fires, he noticed appellant, apparently unconscious, lying in a toilet stall in the community bath used by tenants. Gilbert was unable to awaken appellant and observed a bottle cap on the floor beside him. Fearing that appellant might be dying, Gilbert called the police.

Officer Robert M. Garcia arrived at the hotel shortly after 1:00 a. m. and was directed by Gilbert to the second floor toilet stall where appellant lay unconscious. Garcia attempted to revive appellant and asked him what was wrong. Appellant, however, made no response. Garcia then

noticed a warm bottle cap, a yellow balloon, and an eyedropper on the floor next to appellant. On appellant's left arm Garcia saw what appeared to be a fresh needle mark, which indicated to Garcia that appellant had just had a "fix" of narcotics. Garcia then asked appellant his name, but appellant gave no answer and only stared at the ceiling. To ascertain whether appellant was carrying any identification, Garcia searched appellant's pockets. In appellant's right front pants pocket Garcia found a pink balloon containing a brown powder later determined to be heroin. After discovery of the suspected heroin, appellant was placed under arrest by Officer Garcia.

 In view of the circumstances stated, the search of the appellant could be sustained both on the grounds that Officer Garcia had probable cause to search the appellant and on the grounds that exigent circumstances justified the search. Officer Garcia was lawfully in a position where he observed the appellant in an unconscious condition. Corbett v. State, 493 S.W.2d 940 (Tex.Cr.App.1973). When he found a warm bottle cap, a yellow balloon, an eyedropper, as well as a fresh needle mark on the appellant's arm, he had probable cause to believe a felony had been committed and was being committed in his presence. Therefore, he was authorized to search the appellant without a warrant. See Art. 14.01, Vernon's Ann.C.C.P.; Jones v. State, 493 S.W.2d 933 (Tex.Cr. App.1973).

In view of the circumstances stated, the search of the appellant could be sustained both on the grounds that Officer

Even if Officer Garcia had not observed the narcotic paraphernalia, he would have been called upon to search the appellant under the "emergency" or "exigent circumstances" doctrine and the search would have been reasonable and lawful. A search of a person found in an unconscious condition is necessary and reasonable. The rapid discovery of a medical history carried on the person of one found to be unconscious might save his life. There is also a need to identify the person

and to determine if the names of relatives, friends, and physicians can be found so they may be notified. See Crawford v. State, 163 Tex.Cr.R. 358, 292 S.W.2d 123 (1956); Vauss v. United States, 125 U.S. App.D.C. 228, 370 F.2d 250 (1966); State v. Miller, 486 S.W.2d 435 (Mo.Sup.Ct. 1972); Gilbert v. State, 289 So.2d 475 (Fla.App.1974); People v. Smith, 47 Ill.2d 161, 265 N.E.2d 139 (1970).

The judgment is affirmed.

Opinion approved by the Court.