THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ROGER HERING, Defendant-Appellant.

(No. 12301;

Fourth District—November 6, 1974.

Robert I. Auler, of Auler Law Offices, of Champaign, and Marc Ansel, Senior Law Student, for appellant.

James R. Burgess, Jr., State's Attorney, of Urbana (Francis C. Hulin, Assistant State's Attorney, of counsel), for the People.

Mr. JUSTICE SIMKINS delivered the opinion of the court:

Defendant, Roger Hering, appeals from judgments entered on three counts for the unlawful possession of controlled substances and on one count for the unlawful possession of cannabis and from a concurrent sentence imposed of 2 to 8 years' imprisonment on each of the controlled substance counts. Defendant raises two issues for resolution by this court: (1) Whether the warrantless search of defendant's automobile was illegal, and (2) whether the court erred in denying defendant's motion for a mistrial when remarks prejudicial to defendant were made in close proximity to the jury room.

At defendant's trial the following testimony was adduced: On June 15, 1972, Robert Galt, a gas station employee, noticed defendant parked in an automobile near one of the station's pumps. Defendant was lying across the front seat and was sweating profusely. Galt tried to awaken defendant, but defendant's eyes were bloodshot, his speech was slurred, and he kept slipping back into unconsciousness or sleep. Galt became concerned that there might be something wrong with defendant and called the State police. Officer Ennis found defendant lying on the front seat sweating and breaking out in goose bumps. After shaking him, Ennis finally awakened defendant who stated that he and his buddies weren't doing anything wrong shortly before again losing consciousness. After awaking him again, Ennis was able to obtain defendant's driver's license and to ask if he was sick or was a diabetic. Defendant responded that he was a diabetic. According to Ennis, "* * * I asked him if he had taken medicine, an overdose, or if he hadn't taken medicine. He said, no I don't take dia—medicine for being a diabetic. He said that kept me out of the service." Ennis then called an ambulance, and when the ambulance arrived two attendants and Ennis helped put defendant on the cot and into the ambulance. As soon as the ambulance left for the hospital, Galt asked if defendant's car could be removed to the back of the station so as not to block the pumps. Ennis then permitted Galt to drive the car to the back of the station and followed him in the squad car. Galt then gave the keys to Ennis who looked into the car. According to Ennis, "* * * I was trying to find some medicine or pills or anything that, uh, he might have taken or might not have taken to cause his condition." In the back seat Ennis found a paper sack with pills, tablets and other substances and a scale. Ennis then locked the car, and was later ordered by headquarters to proceed to the hospital. Upon arrival defendant was more coherent and indicated that he wanted to leave. After further conversation, defendant was placed under arrest in the process indicating that he would not consent to a search of his car. Ennis then returned to the gas station, defendant's car was transported

to headquarters, and the sack of substances and a set of chemist's scales Ennis had earlier observed were removed from the car and eventually taken to Springfield for testing. The substances were found to be methylene dioxiamphetamine, amphetamine salts, phenobarbital and marijuana resins.

Acting on the results of the tests a complaint for a search warrant was filed on June 16, 1972. The allegations of the complaint are similar to the testimony adduced at trial including statements to the effect that the initial search was conducted so that Ennis could determine what medicine defendant was taking and could relay this information to the hospital. A search warrant was then issued and various other narcotic substances were found. A motion to suppress evidence seized was denied on August 21, 1972, with the court stating:

> "Show arguments heard. Finding by the Court the affidavit for search warrant does show probable cause. The motion to suppress will be denied. I think this is a situation where the man had a perfect right to get in the automobile. It was sitting by the gas pump, blocking the filling station. He gets in and apparently sees some things that are suspicious. They are in plain view, the scales, cardboard box. The man says he is a diabetic. He says he doesn't have any medicine; doesn't need any medicine. But in view of what the police officer observed there I think he had a right to make some investigation on his own."

After the trial in question defendant was found guilty by a jury on all four counts. Concurrent sentences were then entered on the three counts charging possession of controlled substances.

■■ Defendant contends that the initial search of the car was illegal and would, therefore, not support a finding of probable cause for issuance of the search warrant. We do not agree. It is well established that a search conducted without a warrant is per se unreasonable subject only to a few specifically established and well-delineated exceptions. *Katz v. United States*, 389 U.S. 347.) We believe one of these exceptions, the emergency or exigent circumstances doctrine, to be clearly applicable here. In *People v. Smith*, 47 Ill.2d 161, 265 N.E.2d 139, the police noticed a man lying in the hallway of a hotel. In the process of awakening him the officers discovered him to be extremely disoriented and incoherent but without alcohol on his breath. In the process of searching the man, marijuana was found in his back pocket. Our supreme court upheld the search stating:

> "Here the officers were summoned to investigate the circumstances involving a distressed person. * * * *For all they knew he may have been a diabetic in shock or a distressed cardiac patient.*

*The officers were faced with an entirely different set of facts requiring different guide lines. This was an emergency situation where the welfare of the individual was at stake."* (47 Ill.2d 161, 163-64.) (Emphasis added.)

Such is the situation in the instant case. The officer was, as in *Smith*, called to investigate circumstances involving a distressed person who was likewise disoriented and incoherent. Furthermore, defendant here specifically told the officer that he was a diabetic, thus making this an even more compelling situation than *Smith*. Our reading of the whole record indicates that the officer was trying to help defendant in what he reasonably thought to be an emergency situation and was not trying to find incriminating evidence. Therefore, the court was correct in refusing to quash the search warrant.

At the conclusion of a recess in the trial, defense counsel informed the court that he had been told by defendant that he and his wife had overheard an individual say, "Hell, he's only charged with possession. But you know damned well the guy's pushing it, selling it." Counsel stated that these comments were made within the hearing range of the jury. A hearing was then held outside the presence of the jury, and it was established that the remark had been made close to an open door of the jury room. The court then brought the jury back and asked each juror whether he or she had heard any conversations regarding the case. No juror admitted hearing the comments in question. The court then denied defendant's motion for a mistrial.

■■■ Defendant contends that the court erred in refusing to grant his motion for a mistrial. We do not agree. Whether to grant or not to grant a mistrial lies within the sound discretion of the trial court. (*People v. Chaffin*, 49 Ill.2d 356, 274 N.E.2d 68.) Furthermore, it is well established that where the basis for the mistrial motion is communication between jurors and third parties, a defendant must prove actual prejudice. (*People v. Georgev*, 38 Ill.2d 165, 230 N.E.2d 851.) Since each jury member stated that he or she did not hear the remark in question, we do not see how defendant was prejudiced in any fashion. Therefore, the court clearly did not err in refusing to grant a mistrial.

Accordingly, for the reasons above stated the judgment of the circuit court of Champaign County is hereby affirmed.

Judgment affirmed.

TRAPP, P. J., and CRAVEN, J., concur.