UNITED STATES

v.

**Airman First Class Edward R. FERGU-SON, III, FR 363–58–4293 Headquarters, 2d Mobil Communications Group (Redesignated on 1 February 1976 to 1st Mobile Communications Group), United States Air Forces in Europe.**

ACM 22060.

U. S. Air Force Court of Military Review.

Sentence Adjudged 2 March 1976.

Decided 4 Aug. 1976.

Appellate counsel for the Accused: Colonel Jerry E. Conner and Major Bruce R. Houston.

Appellate counsel for the United States: Colonel Julius C. Ullerich, Jr., and Captain Alvin E. Schlechter.

## DECISION

EARLY, Senior Judge:

Tried by general court-martial, military judge alone, the accused was convicted, pursuant to his pleas, of one specification alleging possession of marijuana, and, despite his pleas, of possessing marijuana, heroin and methaqualone, in violation of Articles 134 and 92, Uniform Code of Military Justice, 10 U.S.C. §§ 934, 892. He was sentenced to a bad conduct discharge, confinement at hard labor for 12 months, forfeiture of all pay and allowances and reduction to airman basic. The convening authority disapproved the first specification of possessing marijuana and reduced the sentence to a bad conduct discharge, confinement at hard labor for six months, forfeiture of $240.00 per month for six months and reduction to airman basic.

Appellate defense counsel invite our attention to three errors. In the first it is asserted:

THE MILITARY JUDGE ERRED IN ADMITTING PROSECUTION EXHIBITS 2–5, THEY BEING THE PRODUCT OF AN UNLAWFUL SEARCH.

The evidence pertinent to this issue consists of a stipulation of fact and testimony of a single witness. The stipulation states that after being involved in an automobile accident in Wiesbaden, Germany, the accused was taken to the emergency room of the U.S.A.F. Hospital in Wiesbaden. He was unconscious, and to facilitate examination and treatment, his clothes were cut off his body. His military identification card was removed from his clothing by medical personnel. Shortly thereafter, Sergeant Dows, a security policeman, arrived at the hospital and was given the accused's clothing and identification card. In a pocket of the accused's fatigue jacket was found Prosecution Exhibits 2–5: heroin, marijuana in hashish form, three white tablets containing methaqualone, and a wooden pipe containing a marijuana residue, respectively.

At trial Sergeant Dows testified that he went to the hospital to obtain information about the two individuals involved in the accident.[1] He was given the accused's identification card but was told that the accused was unconscious and could not be questioned. He sought to question the other occupant of the automobile but found that he was in a state of shock. Sergeant Dows was given the accused's bloody clothing which had been cut off his body in the emergency room. He picked up the accused's jacket, which was on top of the pile, in order to look for the accused's driver's license and vehicle registration, which contained information he needed to complete his accident investigation report. In searching the jacket, he found Prosecution Exhibits 2–5, and seized them as contraband. He found nothing else in the pile of clothing.

At trial the defense objection to this search was overruled by the military judge.

The Fourth Amendment to the United States Constitution provides protection against "unreasonable searches." *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); *United States v. Kazmierczak*, 16 U.S.C.M.A. 594, 37 C.M.R. 214 (1967); *United States v. Roberts*, 50 C.M.R. 699 (A.F.C.M.R.1975). However, what constitutes "reasonable" varies with the circumstances of the particular case. *United States v. Kazmierczak; United States v. Roberts*, both supra. It has been held that "searches conducted outside the judicial process, without prior approval by judge or magistrate, are *per se* unreasonable under the Fourth Amendment—subject only to a few specifically established and well-delineated exceptions." *Katz v. United States*, 389 U.S. 347, 357, 88 S.Ct. 507, 514, 19 L.Ed.2d 576 (1967). But, the "exceptions" established by military procedures are not necessarily identical to those in civilian life. See *United States v. Kazmierczak; United States v. Roberts*, both supra.

The question then is whether Sergeant Dows' search was reasonable under the circumstances. It was not a search for evidence of a crime since Sergeant Dows did not suspect the accused of any offense. Neither was it a search for information for medical or treatment purposes in the sense of *United States v. Zeigler*, 20 U.S.C.M.A. 523, 43 C.M.R. 363 (1971) or *United States v. Yarborough*, 50 C.M.R. 149 (A.F.C.M.R. 1975). Nor was it an administrative inventory of the sort in *United States v. Kazmierczak*, supra, or *United States v. Mossbauer*, 20 U.S.C.M.A. 584, 44 C.M.R. 14 (1971). See also *United States v. Watkins*, 22 U.S.C.M.A. 270, 46 C.M.R. 270 (1973). However, the power to search in the furtherance of a legitimate governmental

---

1. His duty to obtain this information is set forth in Air Force Regulations 125–3, Security Police Handbook, paragraph 9–17 (28 May 1975), and 125–14, Motor Vehicle Traffic Supervision, paragraphs 4–6(2), 1–2b, 2–1 (31 May 1974). Of course, in addition to the accumulation of accident information, there are other notification procedures involved in an overseas environment. Air Force Regulation 125–14, supra, paragraph 2–1, requires a military

person to produce proof of ownership of vehicle and valid license upon demand of law enforcement personnel. These documents would reveal information not contained on the accused's Armed Forces Identification Card, DD 2AF, such as the accused's organization, address, insurance company and number of insurance policy. They would also indicate ownership of the vehicle and possibly give insight as to the identity of the driver.

function or purpose has been recognized to effect a "proper military regulatory program." *United States v. Unrue*, 22 U.S.C. M.A. 466, 47 C.M.R. 556 (1973); see also *United States v. Kazmierczak*, supra.

Here the purpose of the search was part of a legitimate governmental regulatory program. The fact that incriminating evidence was found incidental to the performance of this legitimate function does not make the search unreasonable. As was held in *Vauss v. United States*, 125 U.S. App.D.C. 228, 229–230, 370 F.2d 250, 251–252 (1966):

> Perhaps because in a typical factual setting of arrest plus discovery and seizure of evidence the arrest occurs first and the search and seizure are incidental to it, there is a tendency to forget momentarily that evidence can be seized in other ways than by arrest, or by formal warrant. Admissible evidence may be acquired before or after arrest or without arrest. If discovered by search, its admissibility turns on whether the search was lawful, i. e., reasonable in the circumstances. That so reasonable a search as occurred here happens to yield evidence of a crime as a by-product even though not intended is irrelevant. A search of one found in an unconscious condition is both legally permissible and highly necessary. There is a positive need to see if the person is carrying some indication of a medical history, the rapid discovery of which may save his life; there is also a need to identify persons so found in order to notify relatives or friends. That the cause of appellant's being unconscious was not known in no way impaired but rather enhanced the need and inherent power to search appellant.

It is clear that the accused could have been required to produce his driver's license and vehicle registration as required by regulation had he been conscious. *United States v. Smith*, 9 U.S.C.M.A. 240, 26 C.M.R. 20 (1958). It is also clear that a search of

his clothing made at the scene of the accident would have been reasonable for both medical and other purposes. We do not see how the fact that the search was made in the hospital after the accused had been removed from the accident scene in an unconscious state alters these principles. Under all the circumstances we find that Sergeant Dows had actual as well as inherent authority as a police officer to investigate the accident, see *United States v. Barone*, 330 F.2d 543 (2d Cir. 1964), cert. denied, 377 U.S. 1004, 84 S.Ct. 940, 12 L.Ed.2d 1053 (1964); *Read v. Case*, 4 Conn. 166 (1822); *United States v. Dunavan*, 485 F.2d 201 (6th Cir. 1973), and that the search he made of the accused's discarded clothing was appropriate under the conditions existing at the time.[2] Cf. *Root v. Gauper*, 438 F.2d 361 (8th Cir. 1971).

In their second assignment, appellate defense counsel assert:

THE ACCUSED WAS DENIED DUE PROCESS AND EQUAL PROTECTION OF LAW BY BEING PROSECUTED UNDER ARTICLE 134 FOR DRUG OFFENSES RATHER THAN ARTICLE 92.

Appellate government counsel concede the validity of this assertion based upon the case of *United States v. Courtney*, 1 M.J. 438 (2 July 1976). We agree.

The difference in possible maximum punishment for the offenses of which the accused now stands convicted is six years if charged under Article 92 as contrasted to 17 years as presently charged under Article 134. In *Courtney*, supra, the Court held that when an accused is charged under Article 134, and the same conduct is proscribed by a general regulation and chargeable under Article 92, the maximum penalty imposable is that set by Article 92. Hence, it was error for the military judge to consider in his sentencing deliberations the maximum penalty set forth for violation of Article 134. We will cure this error by reassessment. *United States v. Courtney*, supra.

---

2. We find no evidence of any "subterfuge to conduct an illegal search." See *United States*

*v. Mossbauer*, 20 U.S.C.M.A. 584, 44 C.M.R. 14 (1971).

In their third assignment of error appellate defense counsel assert:

THE THREE SPECIFICATIONS OF WHICH THE ACCUSED STANDS CONVICTED SHOULD HAVE BEEN CONSIDERED ONE OFFENSE FOR SENTENCE PURPOSES.

Both the reviewer and appellate government counsel concede this error based upon the decision in *United States v. Hughes*, 24 U.S.C.M.A 169, 51 C.M.R. 388, 1 M.J. 346 (1976). The reviewer advised the convening authority of the effect of *Hughes*, supra, and recommended reassessment of the sentence. However, because the decision in *Courtney*, supra, had not been published, he advised the convening authority of an incorrect maximum penalty. Again, we believe that reassessment is the proper curative action.

■ The findings of guilty are correct in law and fact and are affirmed. Reassessing the sentence on the basis of the two errors above, we find that only so much as provides for a bad conduct discharge, confinement at hard labor for four months, forfeiture of $200.00 per month for six months, and reduction to airman basic is appropriate.

The findings of guilty, and the sentence as modified, are

Affirmed.

FORAY, Judge, concurs.

LeTARTE, Chief Judge, absent.