DECISION
This is an appeal by defendant-appellant, Michael T. Paidousis, from a judgment of the Franklin County Court of Common Pleas, following a jury trial in which defendant was found guilty of possession of heroin.
On February 23, 2000, defendant was indicted on one count of possession of heroin, in violation of R.C. 2925.11. The case came for trial before a jury on August 29, 2000. The evidence of plaintiff-appellee, State of Ohio, included the testimony of Columbus Police Officers James Jude and Bradley Agerter. Pamela Popovich, a criminalist with the Columbus Police Crime Laboratory, also testified on behalf of the state.
On December 1, 1999, Officers Jude and Agerter were on patrol in their assigned precinct, which includes the "short east side" of Columbus. (Tr. at 11.) As the officers approached Parsons Avenue, a passerby informed them that a man had passed out on the floor of a business at 63 Parsons Avenue. The officers drove to the location, a tanning salon, and observed defendant, who was slumped over a chair and appeared to be unconscious. Defendant was drooling and his eyes were rolled back. Defendant was unable to respond to the officers' verbal commands, and Officer Jude observed that the defendant appeared to be having difficulty breathing.
As a precautionary measure, Officer Jude placed defendant on his side to prevent him from choking in the event he vomited. Officer Jude also administered a sternum rub, but defendant did not respond to the stimulus. Officer Agerter, after observing that defendant was unconscious, radioed for medical assistance.
Officer Jude attempted to obtain identification from defendant. The officer felt defendant's jacket pocket and noticed a bulge that he thought might be a wallet. The officer pulled out a pack of cigarettes. Within the pack of cigarettes in "clear plastic wrapping there were two envelopes which are commonly used to transport narcotics." (Tr. at 18.) The officer continued to search for identification and eventually found an identification card, indicating defendant's name. Medical personnel subsequently arrived, and defendant was transported to a hospital.
Columbus Police Criminalist Popovich conducted an analysis of the contraband recovered from defendant. Based upon testing performed, Popovich determined that the substance was heroin.
Following deliberations, the jury returned a verdict finding defendant guilty of the possession charge. The trial court sentenced defendant by entry filed September 5, 2000.
On appeal, defendant sets forth the following two assignments of error for review:
ASSIGNMENT OF ERROR NUMBER ONE
 THE TRIAL COURT ERRED WHEN IT ENTERED JUDGMENT AGAINST THE DEFENDANT ON THE CHARGE OF KNOWINGLY POSSESSING HEROIN WHEN THE EVIDENCE WAS INSUFFICIENT TO SUSTAIN THE CONVICTION AND THE CONVICTION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE PRESENTED.
ASSIGNMENT OF ERROR NUMBER TWO
 THE DEFENDANT DID NOT RECEIVE EFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND SECTION 10, ARTICLE I, OF THE OHIO CONSTITUTION.
Under his first assignment of error, defendant challenges both the sufficiency and weight of the evidence supporting his conviction. Defendant's basic contention is that the state's evidence was circumstantial with respect to the required mental element of "knowingly."
In State v. Booth (1999), 133 Ohio App.3d 555, 561, this court discussed the distinction between the concepts of sufficiency and weight of the evidence as follows:
 In considering a claim that a conviction is not supported by sufficient evidence, "the evidence must be construed in a light most favorable to the prosecution, and the reviewing court must determine whether any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." State v. Conley (Dec. 16, 1993), Franklin App. No. 93AP-387, unreported, * * * citing State v. Jenks (1991), 61 Ohio St.3d 259, * * * paragraph two of the syllabus. However, the test for reviewing the manifest weight of the evidence is slightly different, and "the evidence is not construed most strongly in favor of the state." Conley. Rather, "the appellate court must engage in a limited weighing of the evidence to determine whether there is sufficient competent, credible evidence to permit reasonable minds to find guilty beyond a reasonable doubt." Id.
R.C. 2925.11(A) states that "[n]o person shall knowingly obtain, possess, or use a controlled substance." Pursuant to R.C. 2901.22(B), "[a] person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature." Further, "[a] person has knowledge of circumstances when he is aware that such circumstances probably exist." Id. R.C. 2925.01(K) defines the terms "possess" and "possession" to mean "having control over a thing or substance, but may not be inferred solely from mere access to the thing or substance through ownership or occupation of the premises upon which the thing or substance is found."
As noted above, defendant's primary contention is that the state failed to prove the element of knowingly. Defendant argues that many family members, roommates and friends share clothing and, thus, the fact that heroin was found in his jacket does not prove that he was aware of its existence.
In considering the sufficiency of the evidence, and construing the evidence most strongly in favor of the state, the facts indicate that two police officers were informed that a man had passed out at a business establishment. The officers arrived and found defendant unconscious. As one of the officers searched for identification, contraband was found in the pocket of defendant's jacket. The contraband was tested, and it was determined to be heroin.
It has been held that, "[b]ecause the intent of an accused person is only in his mind and is not ascertainable by another, it cannot be proven by direct testimony of another person but must be determined from the surrounding facts and circumstances." State v. Adams (June 8, 1995), Ross App. No. 94 CA 2041, unreported. Thus, the element of knowingly may be established by circumstantial evidence. Id.
Upon review, we conclude that the state presented sufficient evidence to sustain defendant's conviction. In the present case, although the element of knowingly was not susceptible of proof by direct evidence, the state presented direct evidence that heroin was in the pocket of a jacket worn by defendant. Further, despite defendant's general assertion that family members, roommates and friends often share articles of clothing, there was no evidence that defendant was with anyone at the time he was found unconscious, or that any other individuals had dominion or control over the jacket. We agree with the state's argument that it was a permissible inference that the heroin, having been found in a jacket worn by defendant, was there with defendant's knowledge. See, e.g., State v. Walker (Aug. 30, 1990), Franklin App. No. 90AP-34, unreported (jury could have reasonably concluded that defendant knowingly possessed crack cocaine found in his pocket; cocaine was in exclusive possession and control of defendant, and defendant's theory that pants may have been borrowed was not discernible from record).
Further, in considering the manifest weight of the evidence, we cannot conclude that the jury clearly lost its way or created a manifest miscarriage of justice in finding defendant guilty of possession of heroin. The trier of fact heard the testimony of the officers, and it was within the province of the jury to assess their credibility. The jury obviously accepted the testimony presented by the state, and we decline to substitute our judgment for the trier of fact in this case.
Accordingly, defendant's first assignment of error is overruled.
Under his second assignment of error, defendant asserts that his trial counsel was ineffective in failing to file a motion to suppress. Specifically, defendant argues that the warrantless search conducted by the officer was unlawful.
In order to prevail on a claim of ineffective assistance of counsel, a criminal defendant must meet the two-prong test set forth in Strickland v. Washington (1984), 466 U.S. 668. First, "[c]ounsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation[.]" State v. Bradley (1989), 42 Ohio St.3d 136, paragraph two of the syllabus. Second, defendant is required to establish prejudice arising from counsel's performance. Id.
In State v. West (Nov. 23, 1999), Franklin App. No. 98AP-1527, unreported, this court held:
 Although the Sixth Amendment guarantees the assistance of counsel, it does not require defense counsel to file or pursue a motion to suppress in every case. * * * Counsel is not ineffective for failing to raise a claim that is not meritorious. * * * When no meaningful evidence supports an argument in support of a motion to suppress, failure to file a motion to suppress does not constitute ineffective assistance of counsel. * * * However, the failure to file a motion to suppress which possibly could have been granted and which implicated matters critical to the defense can constitute ineffective assistance of counsel, if such failure prejudices the defendant. * * * [Citations omitted.]
In general, "[w]arrantless searches and seizures are deemed unreasonable except in a few well-established situations." State v. Willoughby (1992), 81 Ohio App.3d 562, 567. One exception to theFourth Amendment search-warrant requirement re-cognized by the United States Supreme Court is an emergency exception, applicable "when there is a reasonable basis for the police to believe that someone inside the premises needs immediate aid." Id. The emergency situation exception to the search-warrant requirement is satisfied by a showing that "the police officers had `reasonable grounds to believe that some kind of emergency existed * * *.'" State v. Cheers (1992), 79 Ohio App.3d 322, 325, quoting State v. Hyde (1971), 26 Ohio App.2d 32, 34.
Under the facts of Vauss v. United States (C.A.D.C. 1966), 370 F.2d 250, two police officers found appellant unconscious on a public street. The officers called for an ambulance when they were unable to obtain a response from him. One officer searched appellant in order to secure identification. In examining appellant's pockets, the officer found fifteen cellophane envelopes containing a white powder which appeared to the officer to be narcotics, packaged in a manner the officer had observed similar contraband on other occasions. Appellant was subsequently charged and convicted of a narcotics charge.
On appeal, appellant asserted that the narcotics found on his person were illegally seized and should have been suppressed. In Vauss, supra, at 252, the court rejected appellant's argument, holding in pertinent part:
 * * * A search of one found in an unconscious condition is both legally permissible and highly necessary. There is a positive need to see if the person is carrying some indication of a medical history, the rapid discovery of which may save his life; there is also a need to identify persons so found in order to notify relatives or friends. That the cause of appellant's being unconscious was not known in no way impaired but rather enhanced the need and inherent power to search appellant.
Similarly, in Perez v. State (Tex.Crim.App. 1974), 514 S.W.2d 748,749, the court held that the search of a person found in an unconscious condition is both "necessary and reasonable." The court noted that, "[t]he rapid discovery of a medical history carried on the person of one found to be unconscious might save his life." Id. The court further noted that, "[t]here is also a need to identify the person and to determine if the names of relatives, friends, and physicians can be found so they may be notified." Id. See, e.g., United States v. Black (Oct. 14, 1988), C.A.6, No. 88-5266, unreported, 1988 WL 107375, table citation (1988), 860 F.2d 1080 (warrantless search of defendant found unconscious on airplane did not violate fourth amendment; "It is reasonable for a police officer to search the effects of an unconscious person in an effort to determine the person's identity or any evidence of medical history which might be useful in treatment").
In the present case, the record does not indicate that the officers had any reason to suspect criminal activity at the time a passerby told them that someone was passed out on the floor of a business establishment. Once the officers arrived, they attempted to assess his medical condition. Officer Jude placed defendant on his side to prevent the possibility of choking, and then administered a sternum rub to attempt to elicit a response from the defendant. During this time, Officer Jude's partner called for medical assistance. When defendant failed to respond to stimulus, Officer Jude then searched for identification. After the officer found the cigarette pack containing the contraband, he continued to search for identification and subsequently found an identification card.
Under the circumstances of this case, we conclude that the contraband, discovered in the manner noted above, was not unlawfully obtained in violation of the Fourth Amendment. Rather, the facts indicate that the officer was justified in conducting the search based on a reasonable belief that defendant was in need of immediate assistance. Because defendant's Fourth Amendment claim is not meritorious, defendant has failed to show prejudice from his trial counsel's failure to file a motion to suppress.
Defendant's second assignment of error is overruled.
Based upon the foregoing, defendant's first and second assignments of error are overruled and the judgment of the trial court is hereby affirmed.
 _____________________ DESHLER, J.
TYACK and McCORMAC, JJ., concur.
McCORMAC, J., retired, of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.